UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| S.B., Parents of a child with a disability,<br><br>Plaintiff,<br><br>v.<br><br>IDAHO STATE BOARD OF EDUCATION; IDAHO STATE DEPARTMENT OF EDUCATION; and BUHL JOINT SCHOOL DISTRICT NO. 412,<br><br>Defendant(s). | Case No. 1:24-cv-00497-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the court is Idaho State Board of Education's Motion to Dismiss. Dkt 29. For the reasons explained below, the Court will grant the motion.

# BACKGROUND

In August 2024, S.B. filed a request for a due process hearing pursuant to the Individual with Disabilities Education Act, or IDEA for short. Dkt 1. S.B. alleged that the Buhl Joint School District denied their child educational opportunities as well as a free and appropriate public education as required under the IDEA. *Id*. In

MEMORANDUM DECISION AND ORDER - 1

September 2024, the hearing officer issued an order granting S.B.'s motion for summary judgment on all claims. *Id*. The hearing officer also ordered that the parties were responsible for their own attorney fees and costs. *Id.* In October 2024, S.B. appealed the decision to federal court, arguing that the hearing officer erred by not awarding them, as the prevailing party, fees and costs. *Id*.

The original complaint only named the District as a defendant, but in March 2025, S.B. amended their complaint to include the Idaho State Board of Education and the Idaho State Department of Education as defendants. Dkt 24. In April 2025, the Board filed a 12(b)(6) Motion to Dismiss for failure to state a claim. Dkt 29. S.B. did not file any response.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as

true, to "state a claim to relief that is plausible on its face." *Id*. at 570. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*.

## ANALYSIS

The Board argues it should be dismissed from this action because they were not a party to the original due process hearing.[1] Dkt 29. The Court agrees.

When parents are unsatisfied with "the adequacy of the education provided, the construction of a student's Initialized Education Plan, or some related matter, IDEA provides procedural recourse, including a meeting with a hearing officer." *Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 525 (2007). IDEA further provides that "[a]ny party aggrieved by the [hearing officer's] findings and decision . . . [has] the right to bring a civil action with respect to the complaint." 20 U.S.C. § 1415(i)(2)(A). In general, parties may only be added on appeal if their joinder would not have affected the outcome of the litigation. *Mullaney v. Anderson*, 342 U.S. 415, 417 (1952). Courts have applied this

---

[1] To avoid any confusion, this order applies only to the Board of Education. S.B.'s amended complaint joined both the Board and the Department of Education as defendants. The Department of Education has not moved to dismiss and, indeed, has not yet appeared in this action.

**MEMORANDUM DECISION AND ORDER - 3**

principle to appeals of administrative proceedings by limiting appeal proceedings to the parties included in the administrative complaint. *See e.g.*, *Horen v. Bd. of Educ. of the Toledo City Sch. Dist.*, 568 F. Supp. 2d 850, 856 (N.D. Ohio 2008).

Here, S.B.'s complaint seeks review of two decisions by the hearing officer during the administrative proceeding. Specifically, the hearing officer's decision that each party must pay their own attorney's fees and the award of compensatory damages without a hearing. The Board, however, was not a party to the administrative proceeding. There is no factual record of the Board's conduct in this case. Adding the Board as a party now, on appeal, may require consideration of issues not addressed by the hearing officer and improperly result in the Court reviewing new issues. *Horen*, 568 F. Supp. 2d at 855. Moreover, at least on the issue of attorney's fees, state agencies cannot be held liable for attorney fees in due process proceedings where they were not a party. *John T. ex rel. Robert T. v. Iowa Dep't of Educ.*, 258 F.3d 860, 866 (8th Cir. 2001). Accordingly, the Board was not a party to the administrative proceeding and may not now be joined to this appeal proceeding.

Additionally, the Court will not grant S.B. leave to amend the complaint. Dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573

**MEMORANDUM DECISION AND ORDER - 4**

F.3d 728, 737 (9th Cir. 2009). Indeed, the Ninth Circuit has made clear that district courts "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service, Inc.*, 911 F.2d 242b, 247 (9th Cir. 1990). Here, there are no additional facts that could cure the deficiencies in the complaint. The Board was not a party to the administrative proceeding, this action concerns is an appeal of that proceeding, and no additional facts can change that.

## ORDER

**IT IS ORDERED that:**

1. Defendant's Motion to Dismiss (Dkt 29) is **GRANTED.** All claims against the Board are **dismissed without leave to amend.**



DATED: July 1, 2025

B. Lynn Winmill
U.S. District Court Judge