UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| D.H. a minor, by and through his parent S.B., Parent of a child with a disability,<br><br>       Plaintiff,<br><br>   v.<br><br>IDAHO STATE BOARD OF EDUCATION; IDAHO STATE DEPARTMENT OF EDUCATION; and BUHL JOINT SCHOOL DISTRICT NO. 412,<br><br>       Defendants. | Case No. 1:24-cv-00497-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

Before the Court is Defendant Buhl Joint School District No. 412's Motion to Consolidate (Dkt. 32). The School District seeks to consolidate this case with two other cases filed by Plaintiff S.B., the parent of D.H., a minor student with disabilities. All three cases arise from the School District's alleged failure to provide D.H. with a free appropriate public education under the Individuals with Disabilities Education Act (IDEA). In each, S.B. seeks an award of attorney fees and costs as the prevailing party in underlying administrative due process proceedings. For the reasons set forth below, the Court will grant the motion.

**MEMORANDUM DECISION AND ORDER - 1**

## BACKGROUND

D.H. attends school in the Buhl Joint School District and has been diagnosed with multiple disabilities qualifying him for special education services under IDEA. *See* Dkt. 1. In August 2024, S.B. filed a request for a due process hearing, alleging the School District denied D.H. a free appropriate public education ("FAPE") by trespassing him from school without due process and failing to provide any education. Id. In September 2024, the hearing officer granted S.B.'s motion for summary judgment on all claims but ordered the parties to bear their own attorney fees and costs. *Id.* In October 2024, S.B. filed this action, appealing on the grounds the hearing officer erred by not awarding her attorney fees and costs as the prevailing party. *Id.*

Following the hearing officer's decision, on October 22, 2024, D.H. was allowed to return to school for the 2024-2025 school year. One day after returning to school, D.H. allegedly violated the school's code of conduct and was suspended for the remainder of that day and the next. On October 24, 2024, S.B. filed a second due process hearing request. S.B. filed a third due process in November 2024 after D.H. was again suspended for one day. After conducting separate due process hearings in December 2024 and January 2025, respectively, the hearing officer ruled against S.B. on the second due process claim, in favor of S.B. on the third claim, and again ordered the parties to bear their own costs and fees. In January 2025, S.B. filed a second case against the School District (1:25-CV-00024-BLW), seeking judicial review of the hearing officer's decisions and attorney fees and costs.

MEMORANDUM DECISION AND ORDER - 2

But, according to S.B., the School District continued to deny D.H. a FAPE, and S.B. filed a total of six successive due process complaint related to this denial. All six proceedings were consolidated into a single proceeding, and the hearing officer conducted a due process hearing on April 14-16, 2025. The hearing officer issued a decision and order on July 26, 2025, in favor of S.B. and D.H. but did not award them attorney fees and costs. Following this decision, in September 2025, S.B. filed a third case (1:25-CV-000513-BLW) against the School District, again alleging D.H. was denied FAPE. In this third case, S.B. brings a single claim seeking attorneys' fees under IDEA as the prevailing party.

The School District asks the Court to consolidate all three cases. S.B. does not object to consolidation of Case Nos. 1:24-cv-00497-BLW and 1:25-cv-00024-BLW, conceding these case "may involve a significant amount of overlapping facts and witnesses." Dkt. 33 at 1-2. But S.B. objects to consolidation of Case No. 1:25-cv-00513-BLW, arguing "the legal theories and potential for jury confusion outweigh any benefit of judicial economy." *Id.* at 2.

## ANALYSIS

Federal Rule of Civil Procedure 42(a) authorizes the consolidation of cases that share "a common question of law or fact." Fed. R. Civ. P. 42(a)(2). "The district court has broad discretion under this rule to consolidate cases pending in the same district." Invs. Rsch. Co. v. U.S. Dist. Ct. for Cent. Dist., 877 F.2d 777, 777 (9th Cir. 1989). "When deciding whether to consolidate, a court weighs the potential for increased efficiency against any inconvenience, delay, or expense consolidation would cause."

MEMORANDUM DECISION AND ORDER - 3

*Does v. BSA*, 2017 WL 5571572, at *1 (D. Idaho Nov. 20, 2017) (citing *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984)).

The Court agrees that the consolidation of all three is appropriate here because the cases share common questions of law and fact and consolidation will not cause any prejudice, inconvenience, or undue delay. To the contrary, consolidation will avoid duplicative effort and be an efficient use of judicial resources. Contrary to S.B.'s assertion that the third case is "wholly unrelated" to the first and second cases, the three lawsuits arise from the same underlying events, involve the same parties, and seek the same relief in the form of attorneys' fees and costs for S.B. as the prevailing party in the administrative proceedings filed pursuant to IDEA against the School District.

## ORDER

**IT IS ORDERED that:**

1.  Defendant Buhl Joint School District No. 412's Motion to Consolidate (Dkt. 32) is **GRANTED**.

2.  Case Nos. 1:25-cv-00024-BLW and Case No. 1:25-cv-00513-BLW are hereby consolidated with the above-captioned case.

3.  All future filings shall be made only in 1:24-cv-00497-BLW, which is now the lead case. The case caption should include the parties from the abovecaptioned case as well as Case Nos. 1:25-cv-00024-BLW and 1:25-cv-00513-BLW. The original of this Order shall be maintained as part of the record in this case with a signed copy being placed in the file of Case Nos. 1:25-cv-00024-BLW and 1:25-cv-00513-BLW.

MEMORANDUM DECISION AND ORDER - 4



DATED: March 27, 2026

B. Lynn Winmill
U.S. District Court Judge